UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAHREEK BUSH,

                        Plaintiff,

-against-

PEOPLE OF THE STATE OF NEW YORK, et al.,

                        Defendants.

7:24-CV-2359 (CS)

ORDER OF SERVICE

---

CATHY SEIBEL, United States District Judge:

Plaintiff Jahreek Bush, who currently is incarcerated as a federal detainee in the Westchester County Jail ("WCJ"), brings this action *pro se* asserting claims of federal constitutional violations. He seeks damages, and asks this Court "to order [the] Judges, [D]istrict [A]ttorneys, defense attorneys, arresting officers, investigators[,] and correction officers to be disbarred or terminated that [were] part of [his] case." (ECF 1, at 5.) Plaintiff sues: (1) the People of the State of New York; (2) the County of Sullivan; (3) "New York State Police Liberty Barracks"' (4) "New York State Troopers Headquarters"; (5) "Sullivan Sheriff County Jail"; (6) the United States of America; (7) New York State Trooper Matthew Stone; (8) New York State Trooper Micheal Lin; (9) New York State Police Investigator Joe Rodriguez; (10) Sullivan County District Attorney Brian P. Conaty; (11) the County of Westchester; (12) the WCJ; (13) Sullivan County Assistant District Attorney Micheal Puma; (14) Sullivan County Assistant District Attorney Danielle Blackaby; (15) state-court criminal defense attorney Karen Mannino; (16) federal-court criminal defense attorney Elizabeth K. Quinn; (17) Assistant United States Attorney Margaret Vasu; (18) Assistant United States Attorney Kathryn Wheelock; (19) Southern District of New York United States Attorney Damian Williams; (20) WCJ Correctional Sergeant Crump; and (21) WCJ Correctional Captain Davis.

By order dated May 22, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the following reasons, the Court dismisses all of Plaintiff's claims, save those construed as brought under 42 U.S.C. § 1983 against Troopers Stone and Lin and against State Police Investigator Rodriguez. The Court directs service on these defendants.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## DISCUSSION

**A.     United States of America**

The Court must dismiss Plaintiff's claims against the United States of America under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

Plaintiff alleges no facts or legal provisions that suggest that the doctrine of sovereign immunity has been waived with respect to his claims against the United States of America. The Court therefore dismisses Plaintiff's claims against the United States of America under the doctrine of sovereign immunity, and consequently, for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3).

B.     **People of the State of New York**

The Court understands Plaintiff's claims against the People of the State of New York as claims brought under 42 U.S.C. § 1983 against the State of New York. Such claims must be dismissed because they are barred by the doctrine of Eleventh Amendment immunity. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity. . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, second alteration in original). This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984).

Congress has not abrogated the States' immunity from claims under Section 1983, *see Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990), and the State of New York has not waived its immunity to suit in federal court, *see Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Accordingly, the Court dismisses Plaintiff's claims under Section 1983 against the People of the State of New York under the doctrine of Eleventh Amendment immunity, for lack of subject matter jurisdiction, and because Plaintiff seeks monetary relief from a defendant that is immune from such relief. *See* § 1915(e)(2)(B)(iii); Fed. R. Civ. P. 12(h)(3); *Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction."); *Atl. Healthcare Benefits Tr. v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction."); *see also Sivels v. New York*, 81 F. App'x 361, 362 (2d Cir. 2003) (summary order) ("[T]he People of the State of New York were properly dismissed on the grounds of . . . Eleventh

Amendment immunity."); *McCloud v. Jackson*, 4 F. App'x 7, 10 (2d Cir. 2001) (summary order) (same).

**C.     Claims under Section 1983 against the "New York State Police Liberty Barracks," "New York State Troopers Headquarters," "Sullivan Sheriff County Jail," and the WCJ**

The Court must also dismiss Plaintiff's claims under Section 1983 against the "New York State Police Liberty Barracks," "New York State Troopers Headquarters," "Sullivan Sheriff County Jail" (which the Court understands to be the Sullivan County Jail), and the WCJ. To state a claim under this statute, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a " state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). None of the abovementioned defendants are considered to be a "person" for the purpose of Section 1983 liability. *See, e.g.*, *Pearson v. Wellpath Health Servs.*, 7:24-CV-1714 (KMK), 2024 WL 3238071, at *2 (S.D.N.Y. June 28, 2024) (a jail is not a "person" within the meaning Section 1983); *Abdullah v. 28th Precinct*, No. 1:24-CV-0139 (LTS), 2024 WL 404379, at *2 n.2 (S.D.N.Y. Jan. 29, 2024) (a police precinct not a "person" withing the meaning of Section 1983). The Court therefore dismisses Plaintiff's claims under Section 1983 against these defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.     Damages claims under federal law against District Attorney Conaty, Assistant District Attorneys Puma and Blackaby, United States Attorney Williams, and Assistant United States Attorneys Vasu and Wheelock**

The Court understands Plaintiff's claims for damages against District Attorney Conaty, and against Assistant District Attorneys Puma and Blackaby, as brought under Section 1983, and his claims for damages against United States Attorney Williams, and against Assistant United States Attorneys Vasu and Wheelock, as brought under *Bivens v. Six Unknown Named Agents of*

*Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The Court dismisses these claims under the doctrine of prosecutorial immunity.

Under this doctrine, prosecutors are absolutely immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see Imbler*, 424 U.S. at 431 ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." (footnote omitted)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)); *Bouchard v. Olmstead*, 775 F. App'x 701, 702-03 (2d Cir. 2019) (summary order) (applying the doctrine of prosecutorial immunity to claims under *Bivens* against federal prosecutors); *Barbera v. Smith*, 836 F.2d 96, 99-101 (2d Cir. 1987) (discussing the doctrine of prosecutorial immunity in the context of claims under the *Bivens* against federal prosecutors). In addition, under this doctrine, prosecutors are absolutely immune from suit for acts that may be administrative obligations, but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that prosecutors' direction as to where a criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and they were therefore shielded by absolute immunity (citing, *inter alia*, *Goldstein*)).

Here, Plaintiff's claims under Section 1983 against District Attorney Conaty, and against Assistant District Attorneys Puma and Blackaby, and his claims under *Bivens* against United

6

States Attorney Williams, and against Assistant United States Attorneys Vasu and Wheelock, all arise from their respective decisions to criminally prosecute Plaintiff in the state court and in federal court, and from their actual prosecutions of him in those courts. Accordingly, the Court dismisses such claims for damages under the doctrine of prosecutorial immunity, because they seek monetary relief against defendants who are immune from such relief, *see* § 1915(e)(2)(b)(iii), and consequently, as frivolous, *see* § 1915(e)(2)(B)(i); *Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that a claim against a prosecutor dismissed under the doctrine of prosecutorial immunity is frivolous under Section 1915(e)(2)(B)(i)).

**E.     Claims under Section 1983 against the Counties of Sullivan and Westchester**

The Court further dismisses Plaintiff's claims under Section 1983 against the Counties of Sullivan and Westchester. When a plaintiff sues a municipality, such as the Counties of Sullivan and Westchester, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice; and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff alleges nothing to suggest that a policy, custom, or practice of either the County of Sullivan or the County of Westchester caused a violation of his federal constitutional rights. Thus, Plaintiff fails to state a claim on which relief may be granted under Section 1983 against these defendants, and the Court dismisses these claims for that reason. *See* § 1915(e)(2)(B)(ii). Because Plaintiff is appearing *pro se*, however, the Court grants him leave to file an amended complaint in which he names these counties as defendants and alleges facts sufficient to state claims under Section 1983 (and, if appropriate, under state law) against them.

**F.    Claims under Section 1983 against Defense Attorneys Mannino and Quinn**

The Court understands Plaintiff's claims against his state-court defense attorney, Defendant Mannino, and against his federal-court defense attorney, Defendant Quinn, as brought under Section 1983.[2] A claim for relief under that statute must allege facts showing that a defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, as stated above, to state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West*, 487 U.S. at 48-49; *Meadows v. United Services, Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) ("State action [for the purpose of Section 1983 liability] requires *both* . . . the exercise of some right or privilege created by the State . . . *and* the involvement of a person who may fairly be said to be a state actor." (internal quotation marks and citation omitted, emphasis in original)). Private entities are not generally considered to be state actors. *Sykes v. Bank of Am.*, 723 F.3d 399, 406

---

[2] Plaintiff cannot assert claims under *Bivens* against these defendants because "[a] *Bivens* action is a judicially-created remedy designed to provide individuals with a cause of action against [individual] federal officials who have violated their constitutional rights." *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007). Neither Defendant Mannino nor Defendant Quinn are considered federal officials for the purposes of a *Bivens* claim.

8

(2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties. . . ." (internal quotation marks and citation omitted)).

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970), an attorney's legal representation of a criminal defendant does not constitute the degree of state involvement necessary for a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender, *see Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318-19 (1981), and *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) ("[A] legal aid society ordinarily is not a state actor amenable to suit under § 1983."); *Shorter v. Rice*, No. 12-CV-0111, 2012 WL 1340088, at *4 (E.D.N.Y. Apr. 10, 2012) ("[I]t is axiomatic that neither public defenders, such as Legal Aid attorneys, nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position.").

To the extent that Plaintiff asserts claims of federal constitutional violations under Section 1983 against Mannino and Quinn, including arising from their representation of him in his state-court and federal-court criminal actions, respectively, he has alleged no facts showing how either of these defendants acted as a state actor when they allegedly injured him. The Court

therefore dismisses Plaintiff's the claims under Section 1983 against these defendants for failure to state a claim on which relief may be granted.[3] *See* § 1915(e)(2)(B)(ii).

### G. Claims under Section 1983 against WCJ Correctional Sergeant Crump and WCJ Correctional Captain Davis

The Court also dismisses Plaintiff's claims under Section 1983 against WCJ Correctional Sergeant Crump and WCJ Correctional Captain Davis. To state a claim under Section 1983 against an individual state actor, a plaintiff must allege facts showing that individual defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory *of respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff alleges no facts about WCJ Correctional Sergeant Crump and WCJ Correctional Captain Davis, let alone, how either of them has been directly and personally involved with the alleged violations of his federal constitutional rights. The Court therefore dismisses Plaintiff's

---

[3] The Court dismisses these claims without prejudice to any claims under state law that Plaintiff may wish to assert against these defendants, under the court's supplemental jurisdiction, along with his claims under Section 1983 against Troopers Stone and Lin, and against State Police Investigator Rodriguez, under the court's federal question jurisdiction, in an amended complaint.

claims under Section 1983 against these defendants for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). The Court, however, dismisses these claims without prejudice to Plaintiff's naming these individuals as defendants in an amended complaint in which he alleges facts sufficient to state claims against them under Section 1983 (and, if appropriate, under state law).

### H.   Plaintiff's claims for injunctive relief

To the extent that Plaintiff asserts claims asking the Court "to order [the] Judges, [D]istrict [A]ttorneys, defense attorneys, arresting officers, investigators[,] and correction officers to be disbarred or terminated that [were] part of [his] case" (ECF 1, at 5), the Court must dismiss those claims because the Court simply does not possess the authority to grant such relief.

### I.   Service on Troopers Stone and Lin, and State Police Investigator Rodriguez

The Court understands Plaintiff's complaint as asserting claims against Troopers Stone and Lin, and against State Police Investigator Rodriguez, of false arrest, malicious prosecution, and of fabricating evidence under Section 1983. Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[4] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[4]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve Troopers Stone and Lin, and State Police Investigator Rodriguez, until 90 days after the date any summonses issue.

To allow Plaintiff to effect service on Troopers Stone and Lin, and State Police Investigator Rodriguez, through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses for these defendants and deliver to the USMS all the paperwork necessary for the USMS to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses for these defendants are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court dismisses, for the reasons set forth in this order, Plaintiff's claims against all of the defendants, save those under Section 1983 against New York State Trooper Matthew Stone (Shield No. 4292), New York State Trooper Micheal Lin (Shield No. 4339), and New York State Police Investigator Joe Rodriguez.

The Court directs service on Stone, Lin, and Rodriguez.

The Court further directs the Clerk of Court to: (1) issue summonses for Stone, Lin, and Rodriguez; (2) complete USM-285 forms with the service addresses for these defendants; and (3) deliver all documents necessary to effect service of the summonses and the complaint on these defendants to the USMS.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: September 18, 2024
       White Plains, New York

_____
CATHY SEIBEL
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. New York State Trooper Matthew Stone (Shield No. 4292)
   New York State Police Barracks
   Troop F
   Zone 1
   5754 State Route 55
   Liberty, New York 12754

2. New York State Trooper Micheal Lin (Shield No. 4339)
   New York State Police Barracks
   Troop F
   Zone 1
   5754 State Route 55
   Liberty, New York 12754

3. New York State Police Investigator Joe Rodriguez
   New York State Police Barracks
   Troop F
   Zone 1
   5754 State Route 55
   Liberty, New York 12754