UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JAHREEK BUSH,

                        Plaintiff,

   - against -

NEW YORK STATE TROOPER MATTHEW
STONE ET AL.,

                      Defendants.
-------------------------------------------------------------x

**ORDER OF DISMISSAL**

No. 24-CV-2359 (CS)

CATHY SEIBEL, United States District Judge:

     Plaintiff has filed what the Court believes he intends as his Amended Complaint. (ECF No. 26.) Most of the persons and entities he sues cannot be sued, as previously explained to him in my Order of September 18, 2024. (ECF No. 7.) The claims against Defendants Conaty, Puma, Blackaby, Mannino, Quinn, Vasu, Wheelock, Williams, Levander and Heavey are dismissed for the reasons set forth in that Order. For the same reasons that the claims against Quinn and Mannino are dismissed, the claims against Defendant Green, one of Plaintiff's federal defense attorneys, are also dismissed. To the extent that Plaintiff continues to name the United States of America, the People of the State of New York, New York State Police Liberty Barracks, New York State Troopers Headquarters, Sullivan Sheriff County Jail, the Westchester County Jail, and the Counties of Sullivan and Westchester as defendants, any claims against these entities are dismissed for the reasons set forth in the September 18, 2024 Order. The claims against Defendants Farrell, Solomon, Karas and Reznik are dismissed because judges are absolutely immune from suit. *See Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (judges are absolutely immune from personal liability for official acts, no matter how erroneous or injurious their acts may have been). The claims against Defendant Natilizio seem to stem from his strip

searching of Plaintiff before and after court and his failure to provide Miranda warnings.  Neither allegation states a claim upon which relief can be granted.  See *Vega v. Tekoh*, 597 U.S. 134, 141 (2022) (violation of the *Miranda* rule does not provide basis for claim under § 1983); *Rainey v. Ponte*, No. 16-CV-6336, 2017 WL 3267746, at *4 (S.D.N.Y. July 31, 2017) (strip searches upon entry and exit of jail serve legitimate penological purpose of preventing contraband from coming in and out).  The Amended Complaint does not provide any facts as to what Defendant Rodriguez may have done to violate Plaintiff's rights, nor does the original Complaint, so any claims against Defendant Rodriguez are also dismissed.

Accordingly, the claims against all Defendants except Stone and Lin are dismissed.

**SO ORDERED.**

Dated: February 26, 2025
White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.