UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JAHREEK BUSH

                            Plaintiff,

   - against -

NEW YORK STATE TROOPER MATTHEW
STONE, *et al.*,

                            Defendants.
-------------------------------------------------------------x

**ORDER**

No. 24-CV-2359 (CS)

CATHY SEIBEL, United States District Judge:

      Plaintiff Jahreek Bush, who is currently incarcerated at the Westchester County Jail ("WCJ"), filed this *pro se* action asserting claims of federal constitutional violations. (ECF No. 1.) By Order dated May 22, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP") – that is, without prepayment of fees. (ECF No. 5.) On September 18, 2024, the Court dismissed all of Plaintiff's claims, save those construed as brought under 42 U.S.C. § 1983 against New York State Troopers Matthew Stone and Michael Lin and State Police Investigator Joe Rodriguez. (ECF No. 7.) The Court also issued an Order of Service, instructing the Clerk of Court to issue summonses for Stone, Lin, and Rodriguez. (*Id.*) The Clerk issued the summonses, and the U.S. Marshals Service executed service on all three Defendants. (*See* ECF Nos. 8, 10-12.)

      On December 20, 2024, Defendants requested a pre-motion conference in anticipation of its motion to dismiss. (ECF No. 14.) At the pre-motion conference, the Court granted Plaintiff leave to amend his Complaint. (*See* Minute Entry dated Jan. 22, 2025.) Plaintiff filed his Amended Complaint on February 25, 2025, naming as Defendants all of the individuals and entities that the Court had previously dismissed in its September 18th Order, in addition to Stone,

Lin, Rodriguez, and newly added Defendants Theodore S. Green and New York State Police Investigator Curt Natilizio. (ECF No. 26 ("AC").) By order dated February 26, 2025, the Court dismissed the claims against all Defendants except Stone and Lin. (ECF No. 27 ("Order of Dismissal").)

Plaintiff filed a letter on March 11, 2025, arguing that various individuals and entities, including Investigators Rodriguez and Natilizio, should not have been dismissed. (ECF No. 28.) That same day, the Court granted Plaintiff one last chance to explain what Investigator Rodriguez did that violated his rights, but declined to reconsider the dismissal of anyone else. (ECF No. 29.) On March 24, 2025, Plaintiff filed a letter containing factual allegations against both Investigator Rodriguez and Investigator Natilizio. (ECF No. 30.)

Plaintiff fails to state a claim against Investigator Natilizio for the reasons previously explained in the Order of Dismissal. (ECF No. 27.) Accordingly, the claims against Investigator Natilizio are dismissed.

As for Investigator Rodriguez, the Court will deem the AC, combined with Plaintiff's March 24, 2025 letter, to be the complaint against Rodriguez, and it is sufficient to require a response. *Cf. Williams v. Wellness Med. Care, P.C.*, No. 11-CV-5566, 2013 WL 5420985, at *2 (S.D.N.Y. Sept. 27, 2013) ("Because Plaintiff is proceeding *pro se*, the Court may also consider the information contained in Plaintiff's letters to the Court.").

Accordingly, Defendants Stone, Lin and Rodriguez shall respond to the AC (as deemed amended by the March 24, 2025 letter) no later than April 25, 2025. If Defendants move to dismiss, Plaintiff shall oppose no later than May 27, 2025, and Defendants may reply no later

than June 10, 2025.  If Defendants answer instead of moving to dismiss, a conference will be scheduled to enter a discovery order.

The Clerk of Court is directed to reinstate Rodriguez as a Defendant.

**SO ORDERED.**

Dated: March 26, 2025
White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.