UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
JAHREEK BUSH,

                              Plaintiff,

        - against -                                          **ORDER**

STATE TROOPER MATTHEW STONE, STATE              No. 24-CV-2359 (CS) (VR)
TROOPER MICHAEL LIN and INVESTIGATOR
JOE RODRIGUEZ,

                              Defendants.
-------------------------------------------------------------------------x

Seibel, J.

        Before the Court are Plaintiff's objections, (ECF No. 67 ("Obj.")), to discovery rulings

made by Magistrate Judge Victoria Reznik at a conference on January 29, 2026.[1]  Familiarity

with the proceedings before the Magistrate Judge is presumed.

        Federal Rule of Civil Procedure 72(a) provides that a district court must "modify or set

aside any part of [a magistrate judge's] order [on a nondispositive matter] that is clearly

erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *accord* 28 U.S.C. § 636(b)(1)(A).

"Matters concerning discovery generally are considered 'nondispositive' of the litigation."

*Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).  "A finding is

'clearly erroneous' when although there is evidence to support it, the reviewing court on the

entire evidence is left with the definite and firm conviction that a mistake has been committed."

*United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).  A ruling is "contrary to law" if the

---

[1]  Plaintiff states that the rulings occurred on "December 29, 2026," (Obj. at 1), which is obviously a mistake.  The docket and transcript confirm that the conference was on January 29, 2026.  (Citations to Plaintiff's objections and to ECF No. 62 use the page numbers assigned by the Court's Electronic Case Filing ("ECF") system.)

magistrate judge "failed to apply or misapplied relevant statutes, case law or rules of procedure." *Garcia v. Benjamin Grp. Enter. Inc.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011) (cleaned up). "It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 678 (S.D.N.Y. 2007) (cleaned up). This "highly deferential" standard "imposes a heavy burden on the objecting party." *United States v. Williams*, 339 F. Supp. 3d 129, 133 (W.D.N.Y. 2018).

Plaintiff has not shown that Judge Reznik abused her discretion in denying the relief Plaintiff seeks.  Plaintiff first objects that Judge Reznik did not sanction Defendants based on his motion, (ECF No. 62),[2] which alleged that Defendants' initial disclosures were not filed within thirty days of the October 20, 2025 conference and included irrelevant potential witnesses.  (Obj. at 3.)  She was well within her discretion to ignore that motion, because:  (1) the scheduling order entered on October 20, 2025 provided that initial disclosures were due on December 4, 2025, (ECF No. 49 at 1), which is the day Defendants provided them, (ECF No. 62 at 10); (2) Plaintiff's disagreement with Defendants' assessment of the witnesses' relevance is no ground for sanctions; and (3) at the conference Plaintiff informed Judge Reznik that he was not seeking any further documents or information from Defendants, (ECF No. 73 ("Tr.") at 4:3-7).

---

[2] Plaintiff indicates that the docket number of his motion was 51.  (Obj. at 3.)  While Plaintiff put that number at the top of his motion, in what appears to be an attempt to mimic the header that the ECF system assigns to filed documents, (*see* ECF No. 62), docket entry 51 had already been assigned to an earlier document more than two months previously.  Going forward, Plaintiff should not put any header or docket entry number on his submissions, as that only generates confusion.  The ECF system will automatically assign the next number to any filings. The first page of his submissions should include only the case docket number (No. 24-CV-2359).

Plaintiff next objects to Judge Reznik's ruling regarding subpoenas he wished to issue for identities and other information relating to the confidential informant ("CI") and undercover officer ("UC") who Defendant Rodriguez allegedly used to collect evidence used against Plaintiff in his criminal trial.  In light of Defendants' invocation of the law enforcement privilege, Judge Reznik did not clearly err in determining that Plaintiff should first attempt to see what information he could glean from document requests, while directing Defendants to put their law enforcement privilege argument in writing.  (*See* Tr. at 11, 17-19.)  This middle ground was eminently reasonable.[3]

Finally, Plaintiff objects that Judge Reznik violated his constitutional rights because the notice setting the January 29, 2026 conference stated that the "the parties should be prepared to discuss the following:  . . . (8) the prospects and timing for early settlement or resolution," (ECF No. 61), but Judge Reznik did not ask about settlement at the conference.  (Obj. at 3-5.)  This objection is frivolous.  That a judge gives the parties notice that they should be prepared to discuss various issues does not require the judge to raise all of them, and she is under no obligation to do so if, in her judgment, no useful purpose would be served.  Plaintiff points to no provision of the Constitution, or any other legal authority, entitling him to a settlement conference.

---

[3] Moreover, the relevance of the CI and UC to the remaining claims is unclear.  Plaintiff was convicted of all counts relating to his drug sales to the CI and UC, and any suggestion in this civil case that Plaintiff was not guilty of those sales is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  While Plaintiff was acquitted of possession with intent to distribute relating to the drugs found in the January 20, 2023 search of a residence, and while a malicious prosecution claim as to that count and a fabrication of evidence claim as to that search remain in the case, the only information the CI and UC would seem to have as to those claims would relate to their buys, which Plaintiff cannot challenge.  Moreover, it appears from the docket in the criminal case that two UCs testified, so Plaintiff is aware of what they had to say.  Requiring Plaintiff to review documents and then refine his request, if possible and in light of the law enforcement privilege, was an efficient and sensible approach.

For the reasons stated above, Plaintiff's objections are overruled and Magistrate Judge

Reznik's January 29, 2026 rulings are AFFIRMED.


**SO ORDERED.**

Dated: February 25, 2026
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.